ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **EDGAR JUARBE GARCÍA**<br>PETICIONARIA(S)-RECURRIDA(S)<br><br><br>**V.**<br><br><br>**FRANCISCO PÉREZ**<br>PETICIONADA(S)-PETICIONARIA(S) | KLCE202400116 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de **AGUADILLA**<br><br>Caso Núm.<br>**AGL2842023-03848**<br><br>Sobre:<br>Ley Núm. 284 de 21 de agosto de 1999 |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente.

### R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 11 de abril de 2024.

Comparece ante este Tribunal de Apelaciones, el señor **FRANCISCO PÉREZ** (señor **PÉREZ**) mediante *Certiorari* instado el 29 de enero de 2024. En su recurso, nos solicita que revisemos la *Orden de Protección al Amparo de la Ley Contra el Acecho en Puerto Rico* emitida el 19 de diciembre de 2023 por el Tribunal de Primera Instancia (TPI), Sala Municipal de Isabela.[1] Mediante dicho dictamen, el foro *a quo* decretó una *Orden de Protección* final por el término de tres (3) meses.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

### - I -

El 14 de noviembre de 2023, en un caso sobre Ley 140 (AGL1402023-03251), el Tribunal de Primera Instancia, Sala Municipal de Isabela, emitió una *Resolución*.[2] En síntesis, se refirió a las partes a orientación con un

---

[1] Esta determinación judicial fue notificada y archivada en autos el 19 de diciembre de 2023. Véase *Certificación* expedida el 14 de febrero de 2024 por Secretaria Regional de Aguadilla.
[2] Véase Apéndice del *Certiorari*, pág. 6.

Número Identificador: RES2024_____

ingeniero o agrimensor para la mensura y delimitación de las propiedades. Además, se sugirió orientación con abogado sobre la rectificación de la cabida.

Ese mismo día, el señor **EDGAR JUARBE GARCÍA** (señor **JUARBE GARCÍA**) incoó una *Petición de Orden de Protección al Amparo de la Ley Contra el Acecho en Puerto Rico* contra señor **PÉREZ**, ello en conformidad con la Ley Número 284 de 21 de agosto de 1999.[3]

El 19 de diciembre de 2023, se celebró la audiencia. Escuchada la prueba testifical, el tribunal recurrido dictaminó la *Orden de Protección al Amparo de la Ley Contra el Acecho en Puerto Rico (Orden)* impugnada por el término de tres (3) meses. La vigencia de la *Orden* era desde el 19 de diciembre de 2023 hasta el 19 de marzo de 2024. Inconforme con esta determinación judicial, el 3 de enero de 2024, el señor **PÉREZ** presentó una *Moción en Reconsideración*.[4] El 10 de enero de 2024, se dictó *Notificación* declarando No Ha Lugar la solicitud de reconsideración.[5]

En desacuerdo, el 29 de enero de 2024, el señor **PÉREZ** acudió ante este foro revisor mediante un *Certiorari*. En su escrito, señala el siguiente error:

> Erró el Tribunal de Primera Instancia al expedir la orden de protección bajo la Ley 284, por haber mediado prejuicio, parcialidad, error craso y manifiesto en la apreciación y evaluación de la prueba y adjudicar credibilidad, por ser contrario al derecho.

El 21 de febrero de 2024, este tribunal intermedio pronunció *Resolución* en la cual concedimos al señor **JUARBE GARCÍA** un plazo perentorio de diez (10) días, a partir de la notificación del dictamen, para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado, así como dispusimos el procedimiento para la reproducción de la transcripción, exposición estipulada o exposición narrativa de la prueba oral. En consecuencia, el 27 de febrero de 2023, el señor **PÉREZ** presentó su *Moción en Cumplimiento de Orden y Solicitud de Prórroga.* El 5 de marzo

---

[3] *Íd.*, págs. 8- 11.
[4] *Íd.*, págs. 2- 5.
[5] *Íd.*, pág. 1.

de 2024, dictaminamos *Resolución* en la cual concedimos una prórroga final para presentar proyecto de transcripción de la prueba oral estipulada. Al día de hoy, no ha comparecido el señor **JUARBE GARCÍA.**

Evaluado concienzudamente el expediente del caso, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a las(s) controversia(s) planteada(s).

- II -

- A -

La *jurisdicción* es el poder o autoridad con el que cuenta un tribunal para considerar y decidir los casos y controversias ante su consideración.[6] Por ende, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una controversia.[7]

Los tribunales deben ser celosos guardianes de su *jurisdicción*. Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Las cuestiones de *jurisdicción* por ser privilegiadas deben ser resueltas con preferencia. Si un tribunal se percata que carece de *jurisdicción*, así tiene que declararlo y desestimar el caso.[8]

El Tribunal Supremo ha resuelto enfáticamente que la ausencia de *jurisdicción* trae consigo las siguientes consecuencias: *"(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede*

---

[6] *Pueblo v. Torres Medina*, 2023 TSPR 50, 211 DPR ____ (2023); *FCPR v. ELA et al.*, 2023 TSPR 26, 211 DPR ___ (2023).

[7] *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020).

[8] *Pueblo v. Torres Medina, supra; FCPR v. ELA et al., supra; Allied Mgmt. Group v. Oriental Bank, supra*, págs. 366-387.

*presentarse en cualquier etapa de los procedimientos, a instancia de las partes o por el tribunal motu proprio*".[9]

Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[10]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), "*sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre*".[11] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[12]

La doctrina jurídica de *justiciabilidad* limita la intervención de los tribunales a aquellos casos en que exista una controversia genuina surgida entre partes opuestas que tengan un interés real en obtener un remedio.[13] Este principio constituye una autolimitación al ejercicio del Poder Judicial de arraigo constitucional y persigue el fin de evitar que se obtenga un fallo sobre una controversia inexistente, una determinación de un derecho antes de que el mismo sea reclamado o una sentencia en referencia a un asunto que, al momento de ser emitida, no tendría efectos prácticos sobre la cuestión sometida.[14] No se consideran controversias justiciables aquellas en que: 1) se procura resolver una cuestión política; 2) una de las partes carece de legitimación activa; 3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; 4) las partes están tratando de obtener una

---

[9] *MCS Advantage v. Fossas Blanco et al.*, 2023 TSPR 08, 211 DPR ___ (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 395 (2022); *Beltrán Cintrón v. ELA*, 204 DPR 89, 101-102 (2020).

[10] *Allied Mgmt. Group v. Oriental Bank, supra; Torres Alvarado v. Madera Atiles,* 202 DPR 495, 501 (2019).

[11] *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007).

[12] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*

[13] *Ramos, Méndez v. García García*, 203 DPR 379, 393-394 (2019).

[14] *San Gerónimo Caribe Proyect v. ARPE*, 174 DPR 640 (2008).

opinión consultiva, o; (5) se intenta promover un pleito que no está maduro.[15] Así pues, el ejercicio válido del poder judicial sólo se justifica si media la existencia de una controversia real y sustancial.[16]

La *academicidad* es una manifestación de la doctrina de *justiciabilidad*. Un caso es *académico* cuando se trata de obtener un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes de que este haya sido reclamado o una sentencia sobre un asunto que, al dictarse, por alguna razón, no tendrá efectos prácticos sobre una controversia existente.[17] Como regla general, un caso es *académico* "cuando ocurren cambios durante el trámite judicial de una controversia particular que hacen que ésta pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia".[18]

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones prescribe, en lo pertinente, que: "El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente".[19] Una vez un tribunal determina que no tiene *jurisdicción*, "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos".[20] Ello sin entrar en los méritos de la controversia ante sí.

### - III -

El 14 de noviembre de 2023, el señor **JUARBE GARCÍA** interpuso la *Petición de Orden de Protección al Amparo de la Ley Contra el Acecho en*

---

[15] *Íd.*
[16] *Ortiz v. Panel FEI*, 155 DPR 219 (2001).
[17] *Amador Roberts et als. v. ELA*, 191 DPR 268, 282 (2014).
[18] *Bhatia Gautier v. Gobernador*, 199 DPR 59 (2017).
[19] Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".*
[20] *Allied Mgmt. Group v. Oriental Bank, supra*, pág. 385.

*Puerto Rico* contra el señor **PÉREZ**. En su *Petición*, el señor **JUARBE GARCÍA** adujo varias fechas en las cuales, el señor **PÉREZ** intencionalmente, o a sabiendas de que razonablemente podría hacerlo sentir intimidado, había manifestado un patrón de conducta consistente en amenazas, persecución u hostigamiento, comunicaciones verbales o escritas no deseadas o actos de vandalismo, para atemorizarle, y podría causar daños a su persona, a sus bienes o a miembros de su familia.

El 19 de diciembre de 2023, luego de evaluar la prueba y ante la credibilidad de los testigos, el tribunal primario determinó expedir una *Orden de Protección al Amparo de la Ley Contra el Acecho en Puerto Rico (Orden)* con vigencia hasta el **19 de marzo de 2024**.

Hemos evaluado nuestro legajo y ante el hecho de que ha transcurrido el plazo de vigencia de la *Orden,* entendemos que se ha tornado académica la controversia planteada en el recurso de *Certiorari*, aun cuando esta pudo haber sido justiciable en un inicio. Ante ello, los hechos medulares han cambiado; hay una ausencia de una controversia genuina entre las partes; y carecemos de *jurisdicción* para atender el *Certiorari*.

– **IV** –

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, ***desestimamos,*** por ***academicidad,*** el recurso de *Certiorari* entablado el 29 de enero de 2024 por el señor **FRANCISCO PÉREZ**, y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones